267 F.3d 124 (2nd Cir. 2001)
 GARELD DAVIS, PLAINTIFF-COUNTER-DEFENDANT-APPELLANT,
v.
LIBERTY MUTUAL INSURANCE COMPANY, DEFENDANT-COUNTER-CLAIMANT-APPELLEE,
SCHWAN'S SALES ENTERPRISES, INC., DEFENDANT-APPELLEE.
 Docket No. 00-9249
August Term 2001
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Argued: September 7, 2001
Decided October 4, 2001
 
 Affirmed in part, vacated in part and remanded.
 Richard Kevin Bowen, Law Offices of Richard K. Bowen; Springfield, Vt, for Plaintiff-Counter-Defendant-Appellant Gerald Davis.
 Lori Reuschel Choiniere, McCormick, Fitzpatrick, Kasper & Burchard; Burlington, Vt, for Defendant-Counter-Claimant-Appellee Liberty Mutual Insurance Co.
 Robert P. Gerety, Jr.; White River Junction, Vt, for Defendant-Appellee Schwan's Sales Enterprises, Inc.
 Before: Walker, Chief Judge, Newman and Calabresi, Circuit Judges.
 
 Per Curiam
 
 1
 Plaintiff-appellant Gareld Davis appeals from a December 7, 1998 judgment of the United States District Court for the District of Vermont (William K. Sessions III, District Judge). The final judgment was entered pursuant to two orders: an August 14, 1998 opinion and order, see Davis v. Liberty Mut. Ins. Co., 19 F. Supp. 2d 193 (D. Vt. 1998), that held, inter alia, that a co-employee exclusion clause in a business automobile insurance policy does not violate section 800 of title 23 of Vermont Statutes Annotated, Vermont's financial responsibility statute ("section 800(a)"), see Vt. Stat. Ann. tit. 23, § 800(a); and (2) a December 7, 1998 order that granted summary judgment to defendant- appellee Liberty Mutual Insurance Company ("Liberty Mutual") on its counterclaim for a statutory workers' compensation lien on Davis's $20,000 recovery from a third party.
 
 
 2
 The background of this case is substantially detailed in the district court's opinion. See Davis, 19 F. Supp. 2d at 195-96. Only the facts relevant to this appeal are set out herein.
 
 
 3
 Davis, an employee of defendant Schwan's Sales Enterprises ("Schwan's"), was severely injured when a Schwan's delivery truck in which he was a passenger and which was being driven by a fellow employee, Daniel Finnell, slid into a ditch and flipped over several times. When the accident occurred, Finnell and Davis were making a delivery in the course of their employment for Schwan's.
 
 
 4
 At the time of the accident, Schwan's had a workers' compensation insurance policy and a separate business automobile insurance policy (the "Auto Policy") through Liberty Mutual. The Auto Policy provided for up to two million dollars in liability insurance coverage for Schwan's employees who may be involved in an automobile accident while driving a Schwan's delivery vehicle in the course of their employment. However, the Auto Policy did not extend liability coverage to fellow employees, such as Davis, who suffered "[b]odily injury... arising out of and in the course of his or her employment" (the "co-employee exclusion"). Instead, a Schwan's employee so injured was required to look to Schwan's workers' compensation policy for relief.
 
 
 5
 Prior to bringing the present action against Schwan's and Liberty Mutual, Davis sued Finnell in Vermont state court seeking damages for the injuries he suffered in the accident. Davis and Finnell settled for $20,000, among other consideration.
 
 
 6
 In the present action, Davis seeks a declaratory judgment that, among other things, would render the Auto Policy's co-employee exclusion invalid and unenforceable. Liberty Mutual, having to date paid Davis over $85,000 under Schwan's workers' compensation policy, has counter- sued for a statutory workers' compensation lien on Finnell's $20,000 settlement of the state court action. The district court rejected Davis's request for a declaratory judgment, see Davis, 19 F. Supp. 2d at 200, and granted Liberty Mutual's request for the $20,000 workers' compensation lien, see id. at 203.
 
 
 7
 On appeal, Davis argues, among other things, that the district court erred in (1) denying him a declaratory judgment against enforcement of the co-employee exclusion, and (2) awarding Liberty Mutual the $20,000 workers' compensation lien. We consider both arguments in turn below.
 
 
 8
 With respect to his challenge to the validity of the co-employee exclusion, Davis contends that the exclusion violates section 800(a), which, for the period in question, provided in pertinent part:
 
 
 9
 No owner or operator of a motor vehicle required to be licensed shall operate or permit the operation of the vehicle upon the highways of the state without having in effect an automobile liability policy or bond in the amounts of at least $20,000.00 for one person and $40,000.00 for two or more persons killed or injured.... Affirmed in part, vacated in part and remanded.
 
 Vt. Stat. Ann. tit. 23, § 800(a).[1]
 
 10
 After a thorough application of the rules of statutory construction as followed by the Supreme Court of Vermont, the district court concluded that the co-employee exclusion did not contravene section 800(a). See Davis, 19 F. Supp. 2d at 197-200. The district court therefore denied Davis's request for declaratory relief.
 
 
 11
 Particularly relevant to the district court's conclusion were the following considerations. First, the purpose of section 800(a) is to ensure that every owner of a motor vehicle has at least $20,000 worth of liability insurance and, despite the co-employee exclusion to the Auto Policy, Schwan's had provided this minimum liability coverage through its workers' compensation policy. See id. at 198, 200. Second, "[a]s a matter of statutory interpretation, when the legislature enacted [section 800(a),] it was aware that workers' compensation was the sole and exclusive remedy available for employees injured in the scope of employment" and "[t]here is nothing to suggest that the legislature intended to nullify [the applicability of] its workers' compensation law with respect to fellow employees" involved in automobile accidents. Id. at 199. And third, the Vermont Department of Banking, Insurance, Securities and Health Care Administration, which is required to disapprove insurance policies that violate state law, see Vt. Stat. Ann. tit. 8, § 3542, "reviewed the language of the [Auto Policy] and approved of the inclusion of the [co-employee] exclusion clause for business automobile liability insurance policies." Davis, 19 F. Supp. 2d at 200.
 
 
 12
 We agree with the district court's conclusion that the co-employee exclusion clause of the Auto Policy does not violate section 800(a). Cf. Crawford v. Lumbermen's Mut. Cas. Co., 220 A.2d 480 (Vt. 1966) (upholding, prior to passage of Vermont's financial responsibility act, a co-employee exclusion in business automobile insurance policy). In enacting this provision, the Vermont legislature sought to ensure that every motor vehicle operating on Vermont roads would have liability coverage at least equal to the statutory minimum--$20,000 per individual and $40,000 per accident. Although Schwan's Auto Policy plainly did not provide this minimum coverage for Davis's injuries, Schwan's workers' compensation policy did, and thus it cannot be said that the co-employee exclusion in the Auto Policy operates to reduce coverage below the statutory minimum. And, as the district court held, all that section 800(a) requires is that an injured employee be guaranteed a source of recovery at least equal to the amount required by the statute, which was guaranteed to Davis by Schwan's workers' compensation policy. Because we find nothing in the text, legislative history or policy of section 800(a) that requires a different holding, we hereby adopt in full the reasoning set forth in part II of the district court's thorough August 14, 1998 opinion and order. See Davis, 19 F. Supp. 2d at 197-200.
 
 
 13
 With respect to his objection to the $20,000 lien in favor of Liberty Mutual, Davis contends that in awarding the lien in the full amount of his recovery from Finnell the district court failed to "deduct[] [Davis's] expenses of recovery" as required under Vermont law. We agree.
 
 
 14
 Section 624(e) of title 21 of the Vermont Statutes Annotated, under which the lien was imposed, plainly provides that Davis, as the injured employee, is entitled to a deduction for his recovery expenses:
 
 
 15
 In an action to enforce the liability of a third party, the injured employee may recover any amount which the employee or the employee's personal representative would be entitled to recover in a civil action. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workers' compensation insurance carrier for any amounts paid or payable under this chapter to date of recovery.... Affirmed in part, vacated in part and remanded.
 
 
 16
 Vt. Stat. Ann. tit. 21, § 624(e) (emphasis added). It is apparent to us from the record that none of Davis's recovery costs--specifically his expenses in his state court action against Finnell--were deducted prior to the imposition of the $20,000 lien.[2] Accordingly, we vacate the lien and remand the case for computation of the proper amount of the lien once the $20,000 sum from Finnell is offset by Davis's reasonable recovery expenses.[3]
 
 
 17
 We have carefully considered Davis's remaining arguments and find them to be without merit.
 
 CONCLUSION
 
 18
 To summarize, the August 14, 1998 opinion and order of the district court is affirmed and adopted to the extent that it held that Schwan's co-employee exclusion in the Auto Policy did not violate Vermont's financial responsibility statute, Vt. Stat. Ann. tit. 23, § 800(a). The December 4, 1998 order imposing a $20,000 workers' compensation lien on Davis's third-party recovery is vacated, and the case is remanded to the district court for a recalculation of the dollar amount of the lien.
 
 
 19
 Defendant-appellee Liberty Mutual to bear the costs of this appeal.
 
 
 
 NOTES:
 
 
 [1]
 Since the time of the events in question, section 800(a) has been amended to raise the minimum coverage requirements to "$25,000.00 for one person and $50,000.00 for two or more persons killed or injured."
 
 
 [2]
 Davis makes a colorable argument that his litigation costs from the present action, to the extent these costs relate to his suit against Schwan's and Liberty Mutual in its capacity as Schwan's business automobile insurer, should also be offset against the $20,000 recovered from Finnell. We express no view on this question of Vermont law and leave it for the district court to resolve on remand. Affirmed in part, vacated in part and remanded.
 We do observe, however, that the issue arises because, in the present action, Liberty Mutual wears two hats: Schwan's workers' compensation insurer and Schwan's business automobile insurer. Were this not the situation, and were a second Affirmed in part, vacated in part and remanded.
 insurance company responsible for the business automobile policy, Liberty Mutual as the workers' compensation insurer might have its workers' compensation lien offset by Davis's total recovery costs--i.e., the aggregate costs from his successful action against Finnell and his unsuccessful action against the second insurer.
 
 
 [3]
 It is to be hoped that Liberty Mutual would simply forgo the $20,000 lien action on remand, perhaps recognizing that in light of the costs to Davis in pursuing even just the earlier action against Finnell, see supra note 2, only some fraction of the total $20,000 recovered would be subject to a lien. Liberty Mutual might further recognize that such a small recovery would hardly cover its additional litigation costs and would only serve to impose further litigation costs on plaintiff Davis, who no doubt needs to conserve his financial resources in light of the severity of his injuries.